IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,571-02






EX PARTE ROBERT LEE DENISON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. 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B-CR IN THE 25TH JUDICIAL DISTRICT
COURT OF LAVACA COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant pleaded guilty
to the offense of driving while intoxicated as a repeat offender, and punishment was assessed
at eight years, probated. Applicant's community supervision was eventually revoked, and
he was sentenced to five years' imprisonment. No direct appeal was taken. 

 Applicant contends that he is being improperly denied consideration for mandatory
supervision. The trial court has not entered findings of fact or conclusions of law. We
believe that Applicant has alleged facts that, if true, might entitle him to relief. Therefore,
it is this Court's opinion that additional facts need to be developed and because this Court
cannot hear evidence, the trial court is the appropriate forum. The trial court may resolve
those issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order
affidavits, depositions, or interrogatories from TDCJ, or it may order a hearing. In the
appropriate case the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether TDCJ has designated Applicant as eligible for mandatory supervision or
ineligible for mandatory supervision. If Applicant is designated as ineligible for mandatory
supervision, the court shall make findings as to the reason for this classification. If Applicant
has other convictions which render him ineligible for mandatory supervision, copies of the
indictments and judgments from those convictions should be included in the supplemental
record. 

 If Applicant is designated as eligible for mandatory supervision, the trial court shall
make findings as to the date of Applicant's eligibility, and as to whether Applicant has been
considered for release to mandatory supervision. If Applicant has been considered and
refused release to mandatory supervision, the trial court shall make findings as to the date of
this decision and the reasons therefor. The trial court shall also make any further findings
of fact and conclusions of law it deems relevant and appropriate to the disposition of the
application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within ninety days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
one hundred and twenty days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 22ND DAY OF MARCH, 2006.




EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.